**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RODOLFO JOSE CABRERA MONTERO,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1384-PRW** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rodolfo Jose Cabrera Montero, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Patrick R. Wyrick referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Court ordered a response, Doc. 6. Respondents filed a motion to dismiss without prejudice or, in the alternative, to stay these proceedings

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

pending resolution of Petitioner's appeal before the United States Court of Appeals for the Fifth Circuit. Doc. 9.[3] Petitioner has responded, and the time for the government to reply has lapsed. Doc. 14. The matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Respondents' motion to dismiss and dismiss the Petition without prejudice as duplicative of Petitioner's previously filed habeas action, which is currently before the Fifth Circuit.

## I. Factual background and procedural history.

Petitioner, a native and citizen of Venezuela, entered the United States without inspection in or around 2022. Doc. 9, Ex. 2, at 1. ICE arrested Petitioner on June 19, 2025, and took him into custody. *Id.* at 2. On that date, the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner through issuance of a Notice to Appear (NTA), which

---

[3] The Court directed the Clerk to send copies of the Petition and supporting memorandum to the United States Attorney for this District "on Respondent's behalf." Doc. 6, at 1-2. The U.S. Attorney entered an appearance on behalf of Mr. Robert Cerna, the Acting Director of the Dallas Field Office of ICE Enforcement and Removal Operations, but not on behalf of Respondent Figueroa, an employee of the private operator of the Diamondback Correctional Facility. Doc. 7; Doc. 9, at 2 n.1. Mr. Figueroa is Petitioner's immediate custodian and remains a proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The undersigned therefore adds Robert Cerna as a Respondent and references to "Respondents" in this Report and Recommendation include both Mr. Figueroa and Mr. Cerna. *See* 28 U.S.C. § 2243 (writ "shall be directed to the person having custody of the person detained").

charged Petitioner with violating Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] *Id.*

On August 14, 2025, an Immigration Judge (IJ) denied Petitioner's request for a custody redetermination hearing, also known as a "bond hearing." Doc. 9, Ex. 1, at 7. On December 8, 2025, an IJ denied Petitioner's second request for a bond hearing, concluding the immigration court lacked jurisdiction. *Id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

On April 17, 2026, an IJ denied Petitioner's application for asylum and entered a removal order. Doc. 1, Ex. 3, at 1-2. Petitioner's appeal to the Board of Immigration Appeals remains pending, and the removal order is therefore not administratively final. Doc. 1, Ex. 4, at 1-2.[5] *See* 8 U.S.C. § 1101(a)(47)(B).

Petitioner was previously detained at the Eden Detention Center in Texas. Doc. 9, Ex. 1. While there, Petitioner filed a pro se petition for a writ of habeas corpus under § 2241 in the United States District Court for the

---

[4] This section, codified at 8 U.S.C. § 1182(a)(6)(A)(i), provides that any noncitizen who is "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

[5] *See* EOIR Automated Case Information System, acis.eoir.justice.gov/en/caseInformation (last visited Aug. 27, 2026).

Northern District of Texas, *Cabrera-Montero v. Warden, Eden Det. Ctr.*, No. 6:26-cv-00096-H (N.D. Tex.). *Id.* Petitioner challenged his continued detention without an individualized custody hearing and sought supervised release, or, alternatively, an individualized custody hearing. *Id.* at 7-8.

On March 31, 2026, United States District Judge James Wesley Hendrix denied the petition and dismissed the action. Doc. 9, Ex. 2 & 3. Applying *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the court concluded Petitioner was detained pursuant to § 1225(b)(2)(A), which mandates detention during removal proceedings. Doc. 9, Ex. 2, at 4-5. The court separately considered Petitioner's constitutional claims, holding that neither substantive nor procedural due process required a bond hearing. *Id.* at 5. Petitioner appealed, and the appeal remains pending before the Fifth Circuit. Doc. 9, Ex. 4. On August 6, 2026, the Fifth Circuit stayed the appeal pending its decision in a related matter.[6]

---

[6] See *Cabrera-Montero v. Warden, Eden Det. Ctr.*, No. 26-10427, (5th Cir. Aug. 6, 2026). The undersigned takes judicial notice of this order. *See* Fed. R. Evid. 201(b)(2).

At some point, ICE transferred Petitioner to Diamondback Correctional Facility in Watonga, Oklahoma, where Petitioner remains detained.[7] Doc. 1, at 2.

## II. Petitioner's claims.

In the Petition, Petitioner (1) alleges his prolonged civil detention without an individualized custody hearing violates the Due Process Clause; (2) challenges DHS's application of what he describes as an "overbroad 'no-hearing' detention framework" under § 1225(b)(2)(A), asserting that "regardless of statutory classification disputes, due process requires meaningful individualized review once detention becomes prolonged"; and (3) alleges his continued detention has become excessive and punitive in violation of his due process rights. *Id.* at 3-4.

Petitioner asks the Court to order an individualized custody hearing before a neutral decision-maker at which DHS bears the burden of justifying his continued detention and alternatives to detention are considered. *Id.* at 4. Alternatively, Petitioner requests release "under reasonable conditions of supervision." *Id.*

---

7 *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Aug. 27, 2026).

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Governing legal principles.

The first-to-file rule applies when substantially similar actions are pending in different federal courts. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) ("As a starting point, courts should apply the first-to-file rule."); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (recognizing the "general rule" that "the first court in which jurisdiction attaches has priority to consider the case."). The rule is discretionary and "permits, but does not require," a district court to decline to exercise jurisdiction in deference to a first-filed case in another federal district. *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 814-15 (10th Cir.

2023) (quoting *Wakaya*, 910 F.3d at 1124). The rule promotes judicial economy, consistency, and comity by avoiding duplicative litigation and potentially conflicting rulings. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999); *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1165 (N.D. Okla. 2010).

In determining whether the rule applies, courts generally consider "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Quint*, 89 F.4th at 815; *see MidCentral Equip. Servs., LLC v. Indian Creek Fabricators, Inc.*, No. CIV-25-109-SLP, 2025 WL 3140827, at *2 (W.D. Okla. Nov. 10, 2025). The parties and issues need not be identical in the actions for the first-to-file rule to apply; substantial overlap is sufficient. *See Cherokee Nation*, 724 F. Supp. 2d at 1168; *MidCentral Equip.*, 2025 WL 3140827, at *2 ("[T]he issues need only to substantially overlap in order to apply the first-to-file rule.").

Even when those threshold considerations favor application of the rule, the second-filed court may consider equitable circumstances that warrant departure from it. *See Wakaya*, 910 F.3d at 1127. If the rule applies and no equitable consideration counsels otherwise, the court may transfer the second-filed action, stay it pending resolution of the first, or dismiss it without

prejudice. *See MidCentral Equip.*, 2025 WL 3140827, at *2; *Cherokee Nation*, 724 F. Supp. 2d at 1172.

These principles have also been applied to later-filed § 2241 petitions challenging immigration detention. *See Caballero Hernandez v. Warden, Diamondback Corr. Facility*, No. CIV-26-1960-J, Doc. 11, at 2 (W.D. Okla. Aug. 17, 2026) (dismissing later-filed § 2241 petition without prejudice where the petitioner's first-filed habeas action remained pending); *Amaya Medina v. Warden of the Golden State Annex Detention Facility*, 2026 WL 2323038, at *2-3 (E.D. Cal. Aug. 11, 2026); *Bakhronov v. Warden, Golden State Annex*, 2026 WL 1826486, at *2 (E.D. Cal. June 24, 2026) (dismissing later-filed immigration habeas action following petitioner's transfer where the first-filed court retained jurisdiction and the actions sought substantially similar relief); (recommending dismissal where the first-filed court had already adjudicated the same due-process claim and the petitions sought substantially similar relief). Furthermore, the interests underlying the first-to-file rule may continue during appellate review. *See Swaso v. Noem*, 2026 WL 788146, at *3 (C.D. Cal. Mar. 18, 2026) (observing that courts generally apply the first-to-file rule when the first-filed action "is still pending in the district court or was dismissed pending resolution on appeal").

Because Petitioner is not detained pursuant to a federal court judgment, § 2244(a)'s statutory restriction on successive § 2241 petitions does not apply by its terms. *See Stanko v. Davis*, 617 F.3d 1262, 1268-69 (10th Cir. 2010) (explaining that § 2244(a) does not apply to "alien detainees" [in civil detention] because they are not "in custody pursuant to a judgement of a court of the United States"). But traditional habeas principles likewise recognize a court's equitable discretion to decline repetitive review of claims previously presented and adjudicated. *See id.* at 1269-72; *Arrington v. U.S. Bureau of Prisons*, No. CIV-25-615-JD, 2026 WL 94643, at *2 (W.D. Okla. Jan. 13, 2026) (explaining that pre-AEDPA principles permit, but do not compel, a court to decline to entertain a claim previously heard and decided). *See also Fotabong v. FNU LNU*, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026) (explaining that when a first § 2241 proceeding remains pending, the later-filed petition is generally dismissed without prejudice as duplicative).

## V. Analysis.

### A. Petitioner's transfer did not terminate jurisdiction over his first-filed Petition.

As a threshold matter, Petitioner's transfer to Oklahoma does not eliminate the proceedings already underway in Texas. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer

of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). *See Padilla*, 542 U.S. at 441; *Bakhronov*, 2026 WL 1826486, at *2 (rejecting petitioner's transfer as a basis for proceeding with a second immigration habeas action because the first-filed Texas court retained jurisdiction).

Petitioner is correct that his present confinement permits this Court to entertain a properly filed habeas petition directed to his current custodian. *See Padilla*, 542 U.S. at 441.

**B. Petitioner's present claims are substantially similar to the claims in the Texas action.**

Petitioner's present claims substantially overlap with those litigated in the Northern District of Texas. As discussed above, Petitioner previously challenged his prolonged detention without an individualized custody hearing, argued that due process required meaningful review regardless of the detention statute, and sought release or an individualized custody hearing. Doc. 9, Ex. 1, at 7-8, 13-14. Exact identity of the claims is not required. *See Cherokee Nation*, 724 F. Supp. 2d at 1168 (explaining that issues are substantially similar when they seek like relief and turn on the same legal and factual issues).

Materially, Petitioner seeks the same relief here as he did in the Northern District of Texas. Ground One alleges prolonged detention without an individualized hearing violates due process. Doc. 1, at 3. Ground Two challenges DHS's "no-hearing" framework under § 1225(b)(2)(A), but asserts that "regardless of statutory classification disputes, due process requires meaningful individualized review once detention becomes prolonged." *Id.* at 4. Ground Three alleges that his continued detention, without a neutral custody determination, has become excessive and punitive. *Id.*

The Northern District of Texas separately considered and rejected Petitioner's substantive and procedural due process claims. Doc. 9, Ex. 2, at 4-5. That judgment is now properly before the Fifth Circuit.

Petitioner argues that his transfer to Oklahoma, the additional length of his detention, and developments in his removal proceedings make the present Petition materially different. Doc. 14, at 2-4. The undersigned disagrees. Petitioner's transfer did not divest the Texas court of jurisdiction, and the resulting change in immediate custodian does not alter the substance of Petitioner's due process challenge. *See Santillanes*, 754 F.2d at 888; *Amaya Medina*, 2026 WL 2323038, at *2 (finding the parties substantially similar where each petition named the warden of the facility in which the petitioner was detained at the time); *Bakhronov*, 2026 WL 1826486, at *2 (dismissing

second petition notwithstanding petitioner's transfer from Texas to California).

The change in Petitioner's removal proceedings likewise does not materially distinguish the claims presented here. Although an IJ has ordered Petitioner removed, Petitioner's appeal remains pending before the BIA, and the removal order is not administratively final. *See* 8 U.S.C. § 1101(a)(47)(B).

Although the statutory basis for Petitioner's detention has been addressed in the prior proceedings, the Court need not resolve that issue to decide the present motion. Petitioner's grounds for relief here are framed as constitutional claims, and Petitioner expressly asserts that due process requires individualized review "regardless of statutory classification disputes." Doc. 1, at 4. Petitioner does not present a separate ground for relief asking this Court to determine that § 1226(a), rather than § 1225(b)(2)(A), governs his detention.[8] The relevant question is therefore whether this Court should adjudicate substantially the same constitutional challenge already decided in the first-filed action and presently under appellate review.

---

[8] The undersigned recognizes that the Tenth Circuit has since addressed the statutory framework governing detention in circumstances similar to those alleged here. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Because the recommended disposition rests on the duplicative nature of the constitutional claims presented, the undersigned need not address the effect of that decision.

The undersigned concludes it should not. Adjudicating those claims here would duplicate pending appellate review and risk inconsistent rulings. *See Cherokee Nation*, 724 F. Supp. 2d at 1168-69 (explaining that the first-to-file inquiry focuses on substantial overlap and seeks to avoid inconsistent rulings); *Bakhronov*, 2026 WL 1826486, at *2 (declining to proceed with second habeas petition where doing so could result in a conflicting ruling).

**C. Dismissal without prejudice is appropriate.**

Respondents seek dismissal without prejudice or, alternatively, a stay pending resolution of Petitioner's Fifth Circuit appeal. Doc. 9, at 15-16. The undersigned recommends dismissal without prejudice.

A stay would leave this duplicative habeas action pending while the Fifth Circuit reviews the judgment in Petitioner's first-filed action. Dismissal without prejudice avoids simultaneous litigation without adjudicating the merits of Petitioner's present detention. *See, e.g., Caballero Hernandez*, No. CIV-26-1960-J, Doc. 11, at 2 (dismissing later-filed § 2241 petition without prejudice because the first-filed habeas action remained pending); *Bakhronov,* 2026 WL 1826486, at *2 (same); *Amaya Medina*, 2026 WL 2323038, at *2-3 (recommending dismissal where the first-filed Texas court had adjudicated the same due-process claim and both petitions sought substantially similar relief).

If the Fifth Circuit reverses, the Northern District of Texas will be positioned to provide appropriate relief on remand. If the Fifth Circuit affirms, Petitioner's constitutional claims will have received appellate review. Maintaining a second action in the interim would therefore serve little purpose. Accordingly, the undersigned concludes that dismissal without prejudice better serves the interests of judicial economy and comity.[9]

## VI. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Respondents' motion to dismiss, Doc. 9, to the extent that it seeks dismissal without prejudice; deny as moot the Respondents' request to stay these proceedings; and enter an order dismissing the instant habeas petition, Doc. 1, without prejudice.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 21, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make

[9] Because the recommended dismissal is without prejudice and rests on the pendency of substantially overlapping proceedings, it would not preclude Petitioner from filing a new § 2241 petition in the district of his confinement if the Fifth Circuit proceedings conclude while Petitioner remains detained and a claim is then properly available.

timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 31st day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE