**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RODOLFO JOSE CABRERA-MONTERO, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-1384-PRW |
| FRED FIGUEROA. | ) | |
| Respondent. | ) | |

# ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), Respondent's Motion to Dismiss or, in the Alternative, Motion for Stay of Proceedings (Dkt. 9), Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 15), and Petitioner's Objections (Dkt. 16). Upon de novo review of the challenged portions of the Report and Recommendation, the Court **ADOPTS** the Report and Recommendation (Dkt. 15) and **DISMISSES** the Petition (Dkt. 1) without prejudice.

## *Background*

Petitioner challenges his continued immigration detention without an individualized bond hearing. He entered the United States in or around 2022 and was arrested by Immigration and Customs Enforcement officials on June 19, 2025. Before his transfer to Oklahoma, Petitioner was detained at the Eden Detention Center in Texas.[1]

[1] Decl. (Dkt. 17), at 2.

On March 2, 2026, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Texas. He alleged that he was entitled to an individualized bond hearing under 8 U.S.C. § 1226 and that his detention without such a hearing violated the Due Process Clause of the Fifth Amendment.[2] He requested immediate release or an individualized bond hearing.[3] The district court denied the petition and dismissed the action.[4] Petitioner appealed, and the materials before this Court identify that appeal as pending before the Fifth Circuit.[5]

An Immigration Judge subsequently ordered Petitioner removed. Petitioner appealed that order to the Board of Immigration Appeals. The materials before the Court identify that administrative appeal as pending.[6]

After his transfer to the Diamondback Correctional Facility in Oklahoma, Petitioner filed the instant action on June 11, 2026. His Petition identifies three grounds for relief. Ground One alleges a violation of the Due Process Clause of the Fifth Amendment. Ground Two describes immigration officials' use of an allegedly overbroad statutory framework to deny a bond hearing but ultimately seeks constitutional relief because "[r]egardless of statutory classification disputes, due process requires meaningful individualized review

---

[2] N. Dist. of Tex. Order (Dkt. 9-2), at 3.

[3] Tex. Pet. (Dkt. 9-1), at 3, 7-8.

[4] N. Dist. of Tex. Order (Dkt. 9-2), at 5.

[5] *Cabrera-Montero v. Warden, Eden Detention* Center, No. 26-10427, Dkt. 24-2 (5th Cir. Aug. 6, 2026) (granting motion to stay).

[6] Exec. Off. for Immigr. Rev., Automated Case Info.: Case Info. for A-220-787-968, U.S. Dep't of Just., https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 27, 2026).

once detention becomes prolonged."[7] Ground Three alleges that Petitioner's prolonged detention without a bond hearing is excessive and punitive. Petitioner requests an individualized bond hearing or, alternatively, release.[8]

Respondent moved to dismiss, arguing that the Petition duplicates the earlier Texas petition and that dismissal under the first-to-file rule would promote judicial economy and comity. Alternatively, Respondents requested a stay pending resolution of the Fifth Circuit appeal.

On August 31, 2026, Magistrate Judge Suzanne Mitchell issued a Report and Recommendation recommending dismissal under the first-to-file rule. She concluded that the petitions were not materially different and that dismissal, rather than a stay, would better serve judicial economy and comity. She also construed the present Petition as raising only constitutional challenges and therefore did not address whether Petitioner's detention was governed by § 1226(a).

Petitioner timely objected. He argues that this action concerns materially different circumstances, including his additional time in detention and his confinement in Oklahoma under a different custodian. He also relies on *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), and contends that the Court should liberally construe his pro se Petition to include a statutory claim under § 1226(a).

---

[7] Pet. (Dkt. 1 ), at 4.

[8] *Id.*

### *Standard of Review*

The Court reviews de novo those portions of a magistrate judge's report and recommendation to which a party makes timely, specific objections.[9] An objection must identify the challenged findings or conclusions with sufficient specificity to focus the district court's review.[10]

Because Petitioner proceeds pro se, the Court construes his filings liberally without assuming the role of his advocate.[11] Petitioner's objections identify the conclusions he challenges and the grounds for his disagreement. The Court therefore reviews those conclusions de novo.

### *Legal Analysis*

**I. Construction of the Petition**

The Court first addresses Petitioner's objection to the Report and Recommendation's characterization of his claims. Petitioner argues that, because he proceeds pro se, the Court should construe the Petition to assert a statutory right to a bond hearing under 8 U.S.C. § 1226(a). The Court agrees with the Magistrate Judge, however, that the Petition asserts a constitutional right to a bond hearing rather than a statutory one.

The Court does not reach that conclusion based on the Petition's failure to expressly invoke either § 1226(a) and *Santillan Quiroz v. Mullin,* but rather on the substance of the allegations in the Petition. Ground One expressly invokes procedural due process. Ground

---

[9] 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[10] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Three likewise challenges the constitutionality of Petitioner's prolonged detention, alleging that detention without a bond hearing has become excessive and punitive. Although Ground Two refers to immigration officials' use of an allegedly overbroad statutory framework, it identifies the asserted right to relief as one arising under the Due Process Clause "[r]egardless of statutory classification disputes." Read in context, that reference to the statutory framework explains the circumstances of the alleged constitutional violation; it does not assert an independent statutory entitlement to a bond hearing.

Liberal construction requires the Court to read Petitioner's allegations generously, but it does not require the Court to supply a distinct claim that the Petition does not reasonably assert.[12] Here, the Petition's stated theory is that the Constitution requires individualized review once detention becomes prolonged, irrespective of the statutory provision governing that detention.

Petitioner's reliance on § 1226(a) and *Santillan Quiroz v. Mullin* in his objections does not change the fact that the Petition does not raise a statutory claim in the first instance. The Court therefore overrules this objection and adopts the Report and Recommendation's construction of the Petition.

**II. The First-to-File Rule**

The first-to-file rule provides a discretionary framework for addressing overlapping federal proceedings.[13] Relevant considerations include the chronology of the actions, the

---

[12] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1122-24 (10th Cir. 2018).

similarity of the parties, and the similarity of the issues or claims.[14] An exact match is not necessary, but the proceedings must substantially overlap. The Court also considers equitable considerations that might counsel against deference to the first-filed action.[15]

The rule is not rigid. And it doesn't require dismissal or transfer whenever overlapping claims are present. Rather, the Court considers the relationship between the proceedings and determines whether deference to the first-filed action is appropriate under the circumstances.

### A. Chronology and Procedural Posture

The Texas petition was filed on March 2, 2026, more than three months before this action. The chronology therefore favors giving priority to the earlier proceeding.

The procedural posture, however, requires qualification. The Texas district court has entered judgment, and Petitioner has appealed. The first proceeding is thus pending on appeal rather than awaiting an initial district-court decision.

Petitioner's subsequent transfer to Oklahoma did not, by itself, extinguish jurisdiction that had properly attached in the first habeas proceeding. But preservation of jurisdiction following a custodial transfer is distinct from the allocation of authority between a district court and a court of appeals. A notice of appeal ordinarily transfers control over the aspects of the case involved in the appeal to the appellate court. Accordingly, the Court does not assume that the Texas district court may presently

---

[14] *Id*. at 1124.

[15] *Id*. at 1124, 1127

reconsider its judgment or adjudicate matters committed to the Fifth Circuit. The pending appeal remains relevant, however, because Petitioner continues to seek review of the denial of relief concerning the same course of immigration detention, which raises the possibility of overlapping adjudication.

**B. Similarity of the Parties**

Petitioner is the same in both proceedings, but the named respondents differ. In Texas, Petitioner sued the Warden of the Eden Detention Center, the Attorney General, the San Antonio Field Office Director for ICE, and the Secretary of Homeland Security.[16] Here, he names only the Warden of the Diamondback Correctional Facility.

The difference between the wardens does not eliminate the practical overlap between the proceedings. Each warden is sued in a custodial capacity in connection with Petitioner's immigration detention, and neither petition seeks relief based on the warden's independent personal conduct. For purposes of the first-to-file comparison, their successive custodial roles are substantial similarity.

**C. Similarity of the Issues and Claims**

Both petitions challenge Petitioner's immigration detention without an individualized bond hearing, invoke the Fifth Amendment, and request a bond hearing or release. The Texas petition also asserted a statutory entitlement to a bond hearing under § 1226, while this Petition omits that claim. That difference narrows the claims presented,

[16] Tex. Pet. (Dkt. 9-1), at 2.

but it doesn't eliminate the substantial overlap between the petitions' constitutional challenges.

The factual differences identified by Petitioner do not alter the conclusion. He had been detained for approximately eight and one-half months when he filed the Texas petition and nearly twelve months when he filed this action. Additional detention may bear on his claim that confinement has become constitutionally excessive. The intervening removal order and administrative appeal also place his detention in a different procedural posture. But despite those minor difference, the fact remains that both Petitions challenge the constitutionality of the same continuing immigration detention without an individualized bond hearing and do so on substantially similar facts.

Considering the chronology, the parties' respective roles, and the claims presented, the Court agrees with the Report and Recommendation's conclusion that the proceedings substantially overlap.

### D. Equitable Considerations

Petitioner argues that dismissal would leave his present detention without active merits review, delay consideration of his entitlement to a bond hearing, and prevent consideration of his argument that Tenth Circuit precedent affords him relief. But the Court has concluded that the Petition does not include a statutory claim, which disposes of Petitioner's concern about the favorability of Tenth Circuit precedent. And while Petitioner is challenging his ongoing detention, his concerns about delay and access to merits review ignore the fact that he is asking this Court to adjudicate the very constitutional claims he presented to the Texas district court and that court's rejection of his claims is currently

receiving appellate review. Should the Texas judgment be affirmed, Petitioner will have received the full and final merits review of those constitutional claims. If it is reversed and remanded, the Texas district court will be positioned to provide Petitioner the relief he seeks here.

All that to say: the Court agrees with the Report and Recommendation's conclusion that dismissal without prejudice is the appropriate course of action where, as here, adjudication of this subsequent action risks duplicative and inconsistent rulings on substantially similar claims.

**Conclusion**

Having reviewed the Report and Recommendation and Petitioner's Objections de novo, the Court **ADOPTS** the Report and Recommendation (Dkt. 15) and **DISMISSES** the Petition (Dkt. 1) without prejudice.

**IT IS SO ORDERED** this 27th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE